IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and DEAN PRODROMOS, Revenue Officer, Internal Revenue Service<br><br>    Petitioners,<br><br>    v.<br><br>MEHRAN ALIZADEH<br><br>    Respondent. | 2:07-mc-00003-FCD-KJM<br><br>FINDINGS AND RECOMMENDATIONS<br><br>Taxpayer:   PACIFIC DINING, INC. |
| UNITED STATES OF AMERICA and DEAN PRODROMOS, Revenue Officer, Internal Revenue Service<br><br>    Petitioners,<br><br>    v.<br><br>MEHRAN ALIZADEH<br><br>    Respondent. | 2:07-mc-00004-FCD-KJM<br><br>Taxpayer:   CAPITAL CITY RESTAURANTS, INC. |

       This matter came on before the undersigned on March 14, 2007, based on the Order to Show Cause filed January 23, 2007, which, with the verified petition and exhibits, was served personally upon respondent on February 7, 2007.  Kurt A. Didier appeared for
/////

1

petitioners; petitioning Revenue Officer Dean Prodromos was present.  Respondent did not file an opposition.  Betty J. Williams appeared on behalf of respondent.

The Verified Petition to Enforce Internal Revenue Service Summonses initiating this proceeding seeks to enforce two administrative summons in aid of Revenue Officer Dean Prodromos' investigation for collection of tax liabilities of Pacific Dining, Inc. and Capital City Restaurants, Inc.  See Exhibit A to Petition in case no. 07-mc-00003, citing assessed tax liabilities for Pacific Dining, Inc.'s employer's quarterly federal tax returns (form 941) for June 30, 2005 and September 30, 2005; Exhibit A to Petition in case no. 07-mc-00004, citing Capital City Restaurants, Inc.'s assessed tax liabilities for employer's quarterly federal tax returns (form 941) for December 31, 2005 and March 31, 2006.  Subject matter jurisdiction is properly invoked under 28 U.S.C. §§ 1340 and 1345.  Authorization for the action is provided by I.R.C. §§ 7402(b) and 7604(a).  The Order to Show Cause shifted to respondent the burden of rebutting the prima facie showing on any of the four requirements of United States v. Powell, 379 U.S. 48, 57-58 (1964).

Based on this court's review of the uncontroverted verification of Revenue Officer Prodromos and the entire record, the court makes the following findings:

(1) The summonses issued by Revenue Officer Dean Prodromos to respondent Mehran Alizadeh, d/b/a/ Pacific Dining, Inc. and Capital City Restaurants, Inc., on July 21, 2006, seeking testimony and production of documents and records in respondent's possession, were in good faith and for a legitimate purpose under I.R.C. § 7602, that is, the investigation for collection of tax liabilities of Pacific Dining, Inc. and Capital City Restaurants, Inc., for the quarters ending June 30, 2005 and September 30, 2005, as well as December 31, 2005 and March 31, 2006, respectively.

(2) The information sought is relevant to that purpose.

(3) The information sought is not already in the possession of the Internal Revenue Service.

(4) The administrative steps required by the Internal Revenue Code have been followed.

(5) There is no evidence of referral of this case by the Internal Revenue Service to the Department of Justice for criminal prosecution.

(6) The verified petition and its exhibits make a prima facie showing of satisfaction of the requirements of United States v. Powell, 379 U.S. 48, 57-58 (1964).

(7) The burden has shifted to respondent, Mehran Alizadeh, to rebut that prima facie showing.

(8) Respondent's counsel presented no argument or evidence to rebut the prima facie showing, but stated that respondent had no objection to enforcement of the I.R.S. summons.

Accordingly, IT IS HEREBY RECOMMENDED that the IRS summons issued to respondent, Mehran Alizadeh, d/b/a Pacific Dining, Inc. and Capital City Restaurants, Inc., be enforced, and that respondent be ordered to appear at the I.R.S. offices at 4330 Watt Avenue, Sacramento, California 95821, before Revenue Officer Dean Prodromos or his designated representative, on the twenty-first day after the filing date of the summons enforcement order, or at a later date and time to be set in writing by the Revenue Officer, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons, the examination to continue from day to day until completed.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72-304 of the Local Rules of the United States District Court for the Eastern District of California.  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within five (5) days after service of the objections.  The District Judge will then review these findings and

/////

/////

1 | recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are advised that failure to
2 | file objections within the specified time may waive the right to appeal the District Court's
3 | order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 | DATED: March 30, 2007.

_____
U.S. MAGISTRATE JUDGE